United States District Court
Southern District of Texas
**ENTERED**
February 19, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MOISES SANCHEZ-JUAREZ, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-173 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Pending is Petitioner's Motion for Reconsideration of this Court's November 2, 2015 Final Judgment dismissing this action. (D.E. 15 and D.E. 17). The Court has considered Petitioner's Motion for Reconsideration, including his request for a certificate of appealability, and it is **DENIED**. (D.E. 17).

Petitioner is currently incarcerated at the McConnell Unit in Beeville, Texas. Proceeding pro se, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on April 15, 2015, challenging a disciplinary proceeding for the use or possession of alcohol. (D.E. 1). On September 28, 2015, a Memorandum and Recommendation ("M & R") was entered recommending that Petitioner's case be dismissed for failure to state a claim because Petitioner was convicted of murder and is ineligible for mandatory supervision and therefore, the sanctions resulting from the disciplinary proceeding did not infringe on constitutionally protected interests. (D.E. 13). The M & R also recommended that Petitioner's request for appointment of counsel be denied because the issues raised in the petition were not complex and Petitioner did not have an actionable claim. (D.E. 13, pp.

6-7). The M & R further recommended that the Court not issue a certificate of appealability. (D.E. 13, pp. 8-9).

On November 2, 2015, having received no objections, the Court entered an Order Adopting the M & R and a Final Judgment. (D.E. 15 and D.E. 16). On November 12, 2015, Petitioner filed the pending Motion for Reconsideration of the Final Judgment pursuant to Federal Rule of Civil Procedure 59(e), requesting a certificate of appealability. (D.E. 17).

A Rule 59(e) motion calls into question the correctness of a judgment and to prevail, the movant must show at least one of the following: 1) an intervening change in controlling law, 2) new evidence not previously available, 3) the need to correct a clear or manifest error of law or fact or to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (citation omitted).

Petitioner has not supplied any briefing to show how he is entitled to relief under the parameters of Rule 59 or why a certificate of appealability should be issued. Petitioner again alleges that he should be appointed counsel because his primary language is Spanish and he would have filed objections had he been notified in Spanish. However, as previously stated in the M & R, there is no constitutional right to counsel in federal habeas proceedings. (D.E. 13 and D.E. 15); *Elizalde v. Dretke*, 362 F.3d 323, 329 (5th

Cir. 2004). Further, Petitioner does not have an actionable claim. (D.E. 13 and D.E. 15). As such, this Court does not issue a Certificate of Appealability and Petitioner's Motion is **DENIED**. (D.E. 13, Pages 7-8; D.E. 15; and D.E. 17).

    ORDERED this 19th day of February, 2016.

                                                  _____
                                                  NELVA GONZALES RAMOS
                                                  UNITED STATES DISTRICT JUDGE